UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ISMAEL ALMAGUER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL EVALUATION OF UNDERINSURED MOTORIST BENEFITS DEMAND**<br>**(DOC. NO. 11)**<br><br>Case No. 2:21-cv-424<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

　　　　Plaintiff Ismael Almaguer filed this action against Defendant Auto-Owners Insurance Company ("Auto-Owners") alleging he was permanently injured in a vehicular collision caused by another individual. (Compl. ¶¶ 8–11, Doc. No. 2-1.) Mr. Almaguer claims he is entitled to underinsured motorist and no-fault policy benefits from Auto-Owners because the truck he drove at the time of the collision carried these policies. (*Id.* ¶¶ 13–15.) Because Mr. Almaguer alleges Auto-Owners and its agent failed to respond to his claim of coverage, he filed suit for breach of contract. (*Id.* ¶¶ 16–26.) Mr. Almaguer originally filed in state court, but Auto-Owners removed the case, alleging diversity jurisdiction. (Def. Auto-Owners Ins. Co.'s Pet. of Removal 2, Doc. No. 2.)

　　　　Now before the court is Mr. Almaguer's Motion to Compel Evaluation of Underinsured Motorist Benefits Demand, ("Mot.," Doc. No. 11). Where Mr. Almaguer failed to establish he satisfied his obligations under the statute precedent to an underinsured motorist evaluation, his motion is denied without prejudice.

1

BACKGROUND

In his motion, Mr. Almaguer asserts he submitted a claim for underinsured motorist benefits to Auto-Owners on March 31, 2021. (Mot., Doc. No 11 at 2.) According to Mr. Almaguer, Auto-Owners failed to appropriately respond to his claim by determining and paying the amount owed. (*Id.* at 1–2.) Auto-Owners opposes Mr. Almaguer's motion, arguing it has no obligation to respond or evaluate his right to payment where Mr. Almaguer failed to meet the requirements of the governing statute, Utah Code section 31A-22-305.3. (Def.'s Opp'n to Pl.'s Mot. to Compel Eval. of Underinsured Motorist Benefits Demand ("Opp'n") 2, Doc. No. 13.) In other words, Auto-Owners asserts that until Mr. Almaguer complies fully with his statutory duty to disclose, it need not provide a written response evaluating his claim.

In his reply, Mr. Almaguer argues Auto-Owners waived any right to additional information or disclosure by failing to timely request it. (Pl.'s Reply in Support of Mot. to Compel Eval. of Underinsured Motorist Benefits Demand ("Reply'), Doc. No. 15 at 6.) Referring to his reply brief as a "motion to compel arbitration," he asserts that an arbitrator should determine whether he complied with his statutory disclosure duties. (*Id.* at 6–7.) Mr. Almaguer asks the court to either direct that an arbitrator be appointed or grant his motion as a provisional remedy. (*Id.* at 7.)

ANALYSIS

In his reply, Mr. Almaguer makes two arguments in the alternative. First, despite the fact that Mr. Almaguer filed the motion at issue—a motion to compel Auto-Owners to complete an underinsured motorist evaluation—he suggests in his reply that the court should "stay the UIM issue, pending arbitration." (*Id.*) Next, Mr. Almaguer suggests that even though this case is

2

subject to arbitration, this court could grant his motion as a provisional remedy, compelling Auto-Owners to evaluate his benefits demand.

As an initial matter, it is necessary to address Mr. Almaguer's arguments regarding arbitration. In his reply, Mr. Almaguer asserts that upon his election, as the insured, Utah law requires arbitration.[1] (*Id.*) And Mr. Almaguer contends it is the arbitrator, not the court, who must decide whether he complied with the requirements of the underinsured motorist statute. (Reply, Doc. No. 15 at 6–7.) Mr. Almaguer's arguments regarding arbitration fail at the outset because he raised them in a reply. Mr. Almaguer goes so far as to contend his reply *is* a motion to compel arbitration. But the local rules governing civil cases prohibit raising motions in replies. *See* DUCivR 7-1(a)(3). Permitting a motion to be raised in a reply (or even considering new arguments raised for the first time in a reply) would be profoundly unfair to the opposing party. Mr. Almaguer made no mention of arbitration in his underlying motion, and he has not filed any motion to compel arbitration. Accordingly, whether this case should be referred for arbitration is not properly before the court.[2]

The fact that Mr. Almaguer did not file a motion to compel arbitration also undermines his claim that Utah law allows the court to grant his motion as a provisional remedy where no arbitrator has been appointed in the case. Mr. Almaguer cites to Utah Code section 78B-11-108(9)(1) in support of his provisional-remedy argument. (*See* Reply, Doc. No. 15 at 7.) However, there is no such statutory provision. Utah Code section 78B-11-108 consists of

---

[1] The Utah statute Mr. Almaguer references explicitly applies to motions to compel arbitration. (*See* Reply, Doc. No. 15 at 7 (citing Utah Code Ann. § 78B-11-108).)

[2] In his complaint, Mr. Almaguer requests injunctive relief, compelling Auto-Owners to arbitrate his claim, (Compl. ¶ 31(e), Doc. No. 2-1), but this mention in the complaint does not constitute a motion to compel arbitration.

3

subsections one through seven and does not relate to provisional remedies. *See* Utah Code Ann. § 78B-11-108. Presumably, Mr. Almaguer intended to cite to Utah Code section 78B-11-109, which provides:

> Before an arbitrator is appointed and is authorized and able to act, the court, upon motion of a party to an arbitration proceeding and for good cause shown, may enter an order for provisional remedies to protect the effectiveness of the arbitration proceeding to the same extent and under the same conditions as if the controversy were the subject of a civil action.

Utah Code Ann. § 78B-11-109(1).

The problem with Mr. Almaguer's argument is that by its own terms, this section applies to arbitration proceedings, not civil actions. And Mr. Almaguer has not yet shown his causes of action are subject to arbitration. He alleges as much in his complaint. (Compl., Doc. No. 2-1 at 10.) But Auto-Owners contends Mr. Almaguer's demand for arbitration was insufficient and invalid because it failed to comply with the applicable statute. (Answer 3, Doc. No. 5.) The arbitration demand is also deficient, according to Auto-Owners, where Mr. Almaguer failed to meet his obligations under the insurance policy and breached his duty of good faith and fair dealing. (*Id.*) In other words, whether this dispute is subject to arbitration is far from a settled issue—and, as discussed above, is not an issue currently before the court.

The only issue properly before the court is whether the court should order Auto-Owners to evaluate Mr. Almaguer's underinsured motorist claim. On the record before the court, Mr. Almaguer has not established this relief is warranted. Mr. Almaguer contends that where he submitted his underinsured motorist claim to Auto-Owners on March 31, 2021, Auto-Owners is required under Utah Code section 31A-22-305.3 to provide a written response and tender any amount owed under the policy. (Mot., Doc. No. 11 at 2.) In response, Auto-Owners argues Mr. Almaguer's motion must be denied, as he failed to fulfill his statutory obligations, including his

4

duty to provide a list of all entities which reimbursed Mr. Almaguer for medical costs related to the accident, a list of employers and medical providers for five years before the accident, and a written statement under oath disclosing all statutory lienholders and whether Mr. Almaguer receives Medicare or Medicaid benefits. (Opp'n 4–7, Doc. No. 13.) Auto-Owners maintains it has no duty to respond to Mr. Almaguer's claim until he provides the required information. (*Id.* at 6.) In reply, Mr. Almaguer contends Auto-Owners "knows full well" his employer for the past five years, and there is no other information to disclose. (Reply, Doc. No. 15 at 2–3.) He asserts the fact that his demand letter was made under penalty of law is sufficient to meet his requirement to make a written statement under oath. (*Id.* at 3.)

It is undisputed that before an insurer is required to respond under Utah law, a claimant must provide adequate disclosures. *See* Utah Code Ann. § 31A-22-305.3(9)(a)(i)–(iii). Only after this is an insurer obligated to respond and tender any amount owed. *See id.* § 31A-22-305.3(9)(c)(i)(A)–(B). Mr. Almaguer asserts he complied with his disclosure obligation and submitted, as an exhibit, a demand letter containing some of his statutory disclosures. (Ex. A to Mot., Underinsured Motorist Benefits Claims, Doc. No. 11-1 at 5.) While this letter shows Mr. Almaguer made some of the required disclosures, it does not show full compliance. Among other things, Mr. Almaguer failed to show he disclosed insurers or entities to whom he submitted material claims, his employment history, and whether he is a Medicare or Medicaid beneficiary. Where Mr. Almaguer neglected to provide evidence that all required information was subsequently disclosed, it is impossible to conclude his disclosures meet the requirements of the statute—particularly where Auto-Owners maintains the disclosures are inadequate. And these disclosures are a statutory prerequisite to Auto-Owners' response.

Where the statute makes adequate disclosure a precondition to the insurer's response, Mr. Almaguer has not established he met the requirements of Utah Code section 31A-22-305.3 such that an underinsured motorist evaluation should be compelled. Mr. Almaguer argues this court should not assess the adequacy of his disclosures because that is an issue for an arbitrator to determine. But as noted above, it has not been established that arbitration is appropriate in this case. Accordingly, Mr. Almaguer's motion is denied.

As a final note, it is clear from the nature of the briefing that the parties did not meaningfully meet and confer before Mr. Almaguer filed this motion. More broadly, they do not appear to have met or conferred about any issues in the case. The parties are ordered to do so in a meaningful fashion before filing any additional motions on this topic.

## CONCLUSION

For the reasons outlined above, Mr. Almaguer's motion, (Doc. No. 11), is DENIED without prejudice.

DATED this 29th day of December, 2021.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge