THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ISMAEL ALMAGUER,<br><br>Plaintiff,<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING [18] PLAINTIFF'S MOTION TO COMPEL ARBITRATION<br><br>Case No. 2:21-cv-00424<br><br>District Judge David Barlow |

Plaintiff filed a Motion to Compel Arbitration (Motion).[1] Having reviewed the parties' briefing, the court concludes the motion may be resolved without oral argument.[2] For the reasons stated herein, the Motion is DENIED.

## BACKGROUND

Plaintiff was injured in a car accident.[3] The other driver's insurer accepted liability for the accident.[4] Plaintiff received a settlement from the insurer, but it was insufficient to fully compensate him for the damages he suffered.[5]

At the time of the accident, Plaintiff was driving a truck owned by his employer and insured by Defendant.[6] Plaintiff sent a letter on or about March 25, 2021 to Defendant requesting

---

[1] ECF No. 18.
[2] *See* DUCivR 7-1(g).
[3] Complaint at ¶¶ 7–10, ECF No. 2-1.
[4] *Id.* at ¶ 12.
[5] *Id.* at ¶¶ 11–12, 14.
[6] *Id.* at ¶ 13.

that his claim for underinsured motorist (UIM) benefits "be evaluated, and/or submitted to arbitration if the evaluation is not accepted."[7] Defendant did not respond to the letter.

On or about June 22, 2021, Plaintiff filed this action alleging breach of contract against Defendant and seeking damages as well as injunctive relief that Defendant evaluate his UIM claim and/or arbitrate the UIM claim.[8] On or about July 19, 2021, Defendant notified Plaintiff of various deficiencies in the March 2021 letter and asked that Plaintiff provide the information required by statute.[9] Plaintiff did not respond to the letter.[10]

Magistrate Judge Oberg previously denied Plaintiff's request to compel Defendant to evaluate his UIM claim.[11] Plaintiff now asks this court to compel arbitration of his UIM claim.

## STANDARD

Utah has a detailed UIM coverage statute.[12] It provides that a claimant seeking UIM benefits may "elect to resolve the claim" by either "submitting the claim to binding arbitration" or "through litigation."[13] The statute requires that a claimant must disclose certain information to the insurer whether he chooses arbitration or litigation.[14] The statute further provides that "arbitration shall be conducted…once the requirements of Subsections (9)(a) through (c) are satisfied."[15]

---

[7] March 25, 2021 Letter at 1, ECF No. 2-2.
[8] *See* Complaint at 4–7.
[9] *See generally* July 19, 2021 Letter, ECF No. 13-1.
[10] *See* Defendant's Opposition to Plaintiff's Motion to Compel Arbitration (Opposition) at 4, ECF No. 20, filed April 15, 2022; *see also* Plaintiff's Memorandum in Reply (Reply) at 5, ECF No. 21, filed April 19, 2022.
[11] *See* Order dated December 29, 2021, ECF No. 17.
[12] *See* Utah Code § 31A-22-305.3.
[13] *Id.* at §31A-22-305.3(8)(a).
[14] *Id.* at § -305.3(9).
[15] *Id.* at § -305.3(8)(i)(i).

## DISCUSSION

This case turns on Utah's UIM statute. For Plaintiff to successfully compel arbitration, he must show that he has met the disclosure requirements in the statute.[16]

Pursuant to the UIM statute, Plaintiff must make the following disclosures: (1) "written demand for payment" of UIM benefits specifying the monetary amount requested with computation of the covered person's "claimed past medical expenses, claimed past lost wages, and all other claimed past economic damages" as well as supporting factual and legal bases; (2) a "written statement under oath" disclosing certain information, including the names and addresses of all health care providers who rendered services that are material or immaterial to the UIM benefits for a period of five years prior to the accident, names and addresses of health insurers or other entities to whom Plaintiff submitted claims for health care services that are material or immaterial to the UIM benefits for a period of five years prior to the accident, all employers for a period of five years prior to the accident, other documents "to reasonably support the claims being asserted," and "all state and federal statutory lienholders including a statement as to whether the person is a recipient or Medicare or Medicaid benefits….or subject to any other state or federal liens," and (3) signed authorizations.[17]

Defendant alleges that the March 2021 letter was deficient and did not provide some of this information.[18] Defendant's July 2021 letter details the deficiencies of the demand including (1) failure to disclose any entities to whom Plaintiff may have submitted a claim for health care

---

[16] *See id.* at § -305.3(8)(i)(i) ("The arbitration shall be conducted…*once the requirements of Subsections (9)(a) through (c) are satisfied*." (emphasis added)).
[17] *Id.* at § -305.3(9)(a).
[18] *See* Opposition at 4–5.

services or benefits; (2) failure to disclose Plaintiff's employers for the previous five years; (3) failure to disclose whether Plaintiff is a recipient of Medicare of Medicaid benefits, and (4) failure to clarify the identity of health care providers who rendered services that are both material and immaterial to Plaintiff's claim.[19] Plaintiff did not respond to this letter.[20]

In briefing, Plaintiff denies that the March 2021 letter was deficient arguing that there were (1) "no entities who paid for his medical care;" (2) his employer "for the five (5) years prior to the crash" was Defendant; (3) the letter stated there were no statutory lienholders; and (4) there were "no prior medical care providers within the five (5) years prior to the crash."[21] Allegations in the briefing cannot cure the defects in Plaintiff's original letter. Plaintiff was required to submit the required information "[w]ithin 30 days" after submitting his claim or filing litigation.[22] Defendant noted this timeline in its letter and offered an extension if needed to respond to the deficiencies.[23] There is no indication that Plaintiff attempted to correct or supplement the information. His attempt to correct some of the deficiencies in briefing cannot form a basis for moving to compel arbitration.

Furthermore, Plaintiff's representations still leave some of the required disclosures unaddressed. For example, Plaintiff does not identify whether he is a recipient of Medicare or Medicaid, only stating that he "has no statutory liens."[24] And as Defendant noted, Plaintiff's March 2021 letter provides contradicting statements regarding his treatment providers. Plaintiff

---

[19] July 2021 Letter at 1–2.
[20] *See* Opposition at 4; *see also* Reply at 5.
[21] Reply at 3–4.
[22] Utah Code § 31A-22-305.3(9)(a).
[23] July 2021 Letter at 2.
[24] March 2021 Letter at 3.

lists four "'Pertinent' Treatment Providers" for medical treatment "prior to this accident which is material to the injuries and treatment he has undergone."[25] Plaintiff does not provide the addresses for these four providers. Then, only a few lines down, Plaintiff indicates that he has "no prior pertinent or non-pertinent medical providers within the five (5) year statutory disclosure period."[26] These statements require clarification and do not meet the statutory requirements detailed in subsection (9)(a). Lastly, the March 2021 letter does not indicate whether there are any other entities to whom he has submitted any claims.[27]

In short, Plaintiff has not shown that "the requirements of Subsections (9)(a) through (c)" have been satisfied.[28] Therefore, the motion to compel must be denied.

## ORDER

Based on the foregoing, Plaintiff's Motion to Compel Arbitration is DENIED.

Signed July 5, 2022.

BY THE COURT

_____
David Barlow
United States District Judge

---

[25] March 2021 Letter at 3.
[26] *Id.*
[27] *Id.*
[28] Utah Code § 31A-22-305.3(8)(i)(i).