UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ISMAEL ALMAGUER,<br><br>Plaintiff,<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S RENEWED MOTION TO COMPEL ARBITRATION (DOC. NO. 26)**<br><br>Case No. 2:21-cv-00424<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Ismael Almaguer has filed a Renewed Motion to Compel Arbitration,[1] which Defendant Auto-Owners Insurance Company opposes.[2] Mr. Almaguer filed a previous motion to compel arbitration[3] which was denied.[4] Mr. Almaguer's renewed motion is, likewise, denied.[5] There is no basis to conclude Mr. Almaguer can cure his previous disclosure

---

[1] ("Mot.," Doc. No. 26.)

[2] (*See* Def.'s Opp'n to Pl.'s Renewed Mot. to Compel Arbitration ("Opp'n"), Doc. No. 27.)

[3] (*See* Pl.'s Mot. to Compel Arbitration ("First Mot. to Compel Arbitration"), Doc. No. 18.)

[4] (*See* Mem. Decision and Order Den. Pl.'s Mot. to Compel Arbitration ("Order Den. First Mot. to Compel Arbitration"), Doc. No. 25.)

[5] On August 13, 2021, District Judge David Barlow referred this case to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(A). (Doc. No. 6.) Although motions to compel arbitration are not expressly excepted from a magistrate judge's authority, courts are divided on the issue of whether such motions are dispositive. *See Beattie v. TTEC Healthcare Sols., Inc.*, No. 18-cv-03098, 2019 U.S. Dist. LEXIS 64191, at *3 (D. Colo. Apr. 15, 2019) (unpublished), *R&R rejected on other grounds*, 2019 U.S. Dist. LEXIS 85370 (D. Colo. May 21, 2019) (unpublished). And this issue is undecided in the Tenth Circuit. *See Santich v. VCG Holding Corp.*, No. 17-cv-00631, 2018 U.S. Dist. LEXIS 140756, at *7 (D. Colo. Aug. 20, 2018) (unpublished). In light of this, the district judge may choose to evaluate this order under the standards for a Report and Recommendation, which provide for de novo review. *See, e.g., Auto-*

deficiencies under Utah's underinsured motorist (UIM) coverage statute[6] at this juncture. Accordingly, Mr. Almaguer's motion is denied.[7]

## BACKGROUND

Mr. Almaguer filed this action against Auto-Owners, alleging he was permanently injured in a car accident caused by another individual.[8] The other driver's insurer accepted liability for the accident.[9] Mr. Almaguer alleges he received a settlement from the insurer, but it was insufficient to fully compensate him for the damages he suffered.[10] According to Mr. Almaguer, at the time of the accident, he was driving a truck owned by his employer and insured by Auto-Owners.[11] Mr. Almaguer sent a letter to Auto-Owners on March 25, 2021, requesting his claim for UIM benefits "be evaluated, and/or submitted to arbitration if the evaluation is not accepted."[12] Mr. Almaguer asserts Auto-Owners did not respond to the letter.

---

*Owners Ins. Co. v. Clayton*, No. 2:21-cv-92, 2021 U.S. Dist. LEXIS 199201, at *10 n.2 (D. Utah Oct. 13, 2021) (unpublished) (citing 28 U.S.C. § 636(b)(1)(B)).

[6] *See* Utah Code Ann. § 31A-22-305.3.

[7] This decision is based on the written memoranda; no oral argument is necessary. *See* DUCivR 7-1(g).

[8] (*See* Compl. ¶¶ 4–10, Doc. No. 2-1.)

[9] (*See id.* at ¶ 12.)

[10] (*See id.* at ¶¶ 11–12, 14.)

[11] (*See id.* at ¶ 13.)

[12] (Ex. 1 to Pl.'s Mot. to Compel Evaluation of Underinsured Motorist Benefits Demand ("Pl's Evaluation Mot."), Letter from Daniel F. Bertch to Teresa Thomas (Mar. 25, 2021), Doc. No. 11-1 at 3.)

On June 22, 2021, Mr. Almaguer filed this action, alleging breach of contract by Auto-Owners and seeking damages and an injunction requiring Auto-Owners to evaluate and/or arbitrate his UIM claim.[13] On July 19, 2021, Auto-Owners sent a letter to Mr. Almaguer, notifying him of various deficiencies in his March 2021 letter and asking him to provide the information required by Utah's UIM statute.[14] The letter also flagged the statute's thirty-day deadline for Mr. Almaguer to provide the necessary information, and offered to give Mr. Almaguer more time to respond to the deficiencies.[15] Mr. Almaguer never responded to this letter.[16]

On October 31, 2021, Mr. Almaguer filed a motion to compel Auto-Owners to evaluate his UIM claim.[17] In his reply supporting the motion, Mr. Almaguer also argued Auto-Owners should be compelled to arbitrate.[18] The motion was denied on the grounds that Mr. Almaguer failed to provide adequate disclosures under Utah's UIM statute[19] and first argued that arbitration

---

[13] (*See* Compl. ¶¶ 21–31, Doc. No. 2-1.)

[14] (*See generally* Ex. 1 to Def.'s Opp'n to Pl.'s Mot. to Compel Evaluation of UIM Benefits Demand, Letter from Karmen Schmid (July 19, 2021), Doc. No. 13-1.)

[15] (*See id.* at 2.)

[16] (*See* Opp'n 4, Doc. No. 27.)

[17] (*See* Pl.'s Evaluation Mot., Doc. No. 11.)

[18] (*See* Pl.'s Reply in Support of Mot. to Compel Evaluation of Underinsured Motorist Benefits Demand, Doc. No. 15 at 6.)

[19] (*See* Mem. Decision and Order Den. Mot. to Compel Evaluation of UIM Benefits Demand 6, Doc. No. 17 ("Where the statute makes adequate disclosure a precondition to the insurer's response, Mr. Almaguer has not established he met the requirements of Utah Code section 31A-22-305.3 such that an underinsured motorist evaluation should be compelled.").)

should be compelled in his reply.[20] On April 2, 2022, Mr. Almaguer filed a motion to compel arbitration of his UIM claim.[21] On July 5, 2022, this motion was similarly denied on the grounds that Mr. Almaguer did not satisfy the disclosure requirements of Utah's UIM statute within the required timeframe.[22] Also on July 5, Mr. Almaguer sent a letter to Auto-Owners demanding arbitration and making supplemental UIM disclosures.[23] On August 4, 2022, Mr. Almaguer filed the current motion, renewing his previous arguments and again asking the court to compel arbitration of his UIM claim.[24]

## LEGAL STANDARDS

Utah has a detailed UIM coverage statute.[25] It provides that a claimant seeking UIM benefits may "elect to resolve the claim" by either "submitting the claim to binding arbitration" or "through litigation."[26] The statute mandates that a claimant disclose certain information to the insurer within thirty days of submitting a claim for either arbitration or litigation.[27] The statute

---

[20] (*See id.* at 3 ("Mr. Almaguer's arguments regarding arbitration fail at the outset because he raised them in a reply. Mr. Almaguer goes so far as to contend his reply is a motion to compel arbitration. But the local rules governing civil cases prohibit raising motions in replies.").)

[21] (*See* First Mot. to Compel Arbitration, Doc. No. 18.)

[22] (*See* Order Den. First Mot. to Compel Arbitration 5, Doc. No. 25 ("Plaintiff has not shown that the requirements of Subsections (9)(a) through (c) [of the UIM statute] have been satisfied. Therefore, the motion to compel must be denied." (internal quotation marks omitted)).)

[23] (*See* Ex. A to Mot., Letter from Daniel F. Bertch to Karmen Schmid and Matthew Jones (July 5, 2022), Doc. No. 26 at 8–9.)

[24] (*See* Mot., Doc. No. 26.)

[25] *See* Utah Code Ann. § 31A-22-305.3.

[26] *Id.* § 31A-22-305.3(8)(a).

[27] *See id.* § 31A-22-305.3(9)(a).

further provides that "arbitration shall be conducted . . . once the requirements of Subsections 9(a) through (c) are satisfied."[28]

## ANALYSIS

Mr. Almaguer concedes "this [c]ourt previously ruled that [his] demand for arbitration was missing certain information, which was a condition precedent to arbitration."[29] However, he contends this court should grant his renewed motion to compel arbitration because he has cured any deficiencies by supplementing his disclosures and renewing his demand for arbitration.[30] According to Auto-Owners, Mr. Almaguer's current motion constitutes his "third bite at the apple," because he has filed two similar, prior motions which were denied[31]—his motion to compel UIM evaluation and his first motion to compel arbitration.[32] Auto-Owners argues Mr. Almaguer is attempting too late to cure his deficient disclosures.[33]

Mr. Almaguer's current motion is nearly identical to his first motion to compel arbitration.[34] In denying Mr. Almaguer's first motion, the court found Mr. Almaguer's disclosures deficient under Utah's UIM statute,[35] concluding:

---

[28] *Id.* § 31A-22-305.3(8)(i)(i).

[29] (Mot. 6, Doc. No. 26.)

[30] (*See id.*)

[31] (Opp'n 6, Doc. No. 27.)

[32] (*See* Doc. No. 11; Doc. No. 18.)

[33] (*See* Opp'n 6, Doc. No. 27.)

[34] The two motions are nearly identical with the exception of two short paragraphs in the current motion asserting Mr. Almaguer has cured his prior disclosure deficiencies. (*Compare* First Mot. to Compel Arbitration, Doc. No. 18 at 2, *with* Mot., Doc. No. 26 at 2–3.)

[35] (*See* Order Den. First Mot. to Compel Arbitration 3–5, Doc. No. 25.)

> Allegations in the briefing cannot cure the defects in Plaintiff's original letter. Plaintiff was required to submit the required information '[w]ithin 30 days' after submitting his claim or filing litigation. Defendant noted this timeline in its letter and offered an extension if needed to respond to the deficiencies. There is no indication that Plaintiff attempted to correct or supplement the information. His attempt to correct some of the deficiencies in briefing cannot form a basis for moving to compel arbitration.[36]

The court also outlined the reasons Mr. Almaguer's original disclosures were deficient as of March 2021—the date he sent his demand letter to Auto-Owners.[37] The court concluded Mr. Almaguer "ha[d] not shown that the requirements of Subsections (9)(a) through (c) ha[d] been satisfied."[38]

Mr. Almaguer seems to interpret the court's prior order as somehow creating an opportunity for him to cure his prior disclosure deficiencies. But this is not the case. Rather than granting Mr. Almaguer the ability to cure, the court found "[a]llegations in [Mr. Almaguer's] briefing *cannot cure the defects in [his] original letter*. [Mr. Almaguer] was required to submit the required information '[w]ithin 30 days' after submitting his claim or filing litigation."[39]

The court denied Mr. Almaguer's original motion to compel arbitration because Mr. Almaguer failed to satisfy the disclosure requirements within the thirty-day period provided by the UIM statute. This finding holds true despite Mr. Almaguer's July 2022 attempt to supplement, because by the time of this supplementation letter, the thirty-day disclosure deadline had long since passed. And Mr. Almaguer has not established that providing the required

---

[36] (*Id.* at 4 (alteration in original).)

[37] (*Id.* at 4–5.)

[38] (*Id.* at 5 (internal quotation marks omitted).)

[39] (*Id.* at 4 (emphasis added) (fifth alteration in original).)

information so long after the deadline cures the disclosure defect such that arbitration should be compelled. On its face, the UIM statute contains no curative provision. Permitting Mr. Almaguer to cure the deficiency in this manner would circumvent the UIM statute—the same statute Mr. Almaguer is otherwise relying on. In short, Mr. Almaguer's attempted cure comes too late.

## CONCLUSION

Because there is no basis to conclude Mr. Almaguer can cure his deficient disclosures at this juncture, his renewed motion to compel arbitration[40] is DENIED.

DATED this 4th day of January, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[40] (Doc. No. 26.)