THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ISMAEL ALMAGUER,<br><br>Plaintiff,<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [60] PLAINTIFF'S MOTION FOR ATTORNEY FEES**<br><br>Case No. 2:21-cv-00424-DBB<br><br>District Judge David Barlow |

Before the court is Plaintiff Ismael Almaguer's ("Mr. Almaguer") Motion for Attorney Fees. For the reasons stated below, the motion is denied.

**BACKGROUND**

Mr. Almaguer ("Plaintiff") was injured in an automobile accident in April 2020 while working for Utah Vinyl Pools, Inc.[1] Mr. Almaguer sought Under Insured Motorist ("UIM") benefits under a policy issued to Utah Vinyl Pools by Auto-Owners Insurance Company ("Defendant") in March 2021.[2] Defendant opened a Personal Injury Protection ("PIP") claim on March 5, 2021.[3] Defendant did not initially pay any benefits, and the claim was still under investigation on June 17, 2021.[4]

---

[1] Motion and Memorandum in Support of Attorney Fees ("Fee Motion"), ECF No. 60, filed Sep. 18, 2024.
[2] Complaint 3, ECF No. 62-1, filed Oct. 2, 2024.
[3] Declaration of Erick Castaneda 2, ECF No. 62-5, filed Oct. 2, 2024.
[4] *Id.*

1

Mr. Almaguer filed his Complaint in Utah state court on June 22, 2021, seeking PIP and UIM benefits from Defendant.[5] Defendant removed the case to this court on July 14, 2021.[6] On August 13, 2021, Defendant paid medical bills based on the PIP portion of the insurance policy, thus paying out all PIP benefits Plaintiff could receive.[7] Apparently, neither party realized these benefits had been paid and they continued to litigate the issue for three years.[8] Plaintiff's UIM claims were submitted to arbitration, and he was awarded UIM benefits by the arbitrator on July 20, 2023.[9]

On August 30, 2024, the parties filed a Joint Statement stating they "agree that the claims of the Plaintiff for UIM benefits, and PIP benefits, have been resolved, with the exception of Plaintiff's claim for attorney fees."[10] Mr. Almaguer submitted his motion for attorney fees on September 18, 2024, requesting $13,736.25 in attorney fees and $375 in costs.[11] Defendant filed its memorandum in opposition on October 2, 2024,[12] and Plaintiff replied on October 9, 2024.[13]

## STANDARD

"Attorney fees are generally recoverable in Utah only when authorized by statute or contract."[14] If a statute does authorize attorney fees, "the trial court can award [Plaintiff] attorney fees only for those issues on which he was the prevailing party." "The term prevailing party is

---

[5] Complaint, <u>ECF No. 62-1</u>, filed Oct. 2, 2024.
[6] Notice of Removal, <u>ECF No. 2</u>, filed July 14, 2021.
[7] UT PIP Benefits for Ismael Almaguer Ortiz, <u>ECF No. 62-11</u>, filed Oct. 2, 2024.
[8] Emails Re: Almaguer v. Auto-Owners PIP Ledger, <u>ECF 60-1</u>, filed Sep. 18, 2024.
[9] Arbitration Award, ECF 62-10, filed Oct. 2, 2024.
[10] Joint Statement Regarding Case Status, <u>ECF No. 58</u>, filed July 11, 2024.
[11] Fee Motion 2.
[12] Defendant Auto-Owners Insurance Company's Opposition to Plaintiff's Motion and Memorandum in Support of Attorney Fees, <u>ECF No. 62</u>, filed Oct. 2, 2024.
[13] Reply Memorandum in Support of Attorney Fees, <u>ECF No. 63</u>, filed Oct. 9. 2024.
[14] *Prince v. Bear River Mut. Ins. Co*., 2002 UT 68, ¶ 52, <u>56 P.3d 524, 539</u> (citing *Miller v. USAA Cas. Ins. Co*., 2002 UT 6, ¶ 69, <u>44 P.3d 663, 680</u>).

2

defined as a party in whose favor a judgment is rendered. Therefore, a party is not a prevailing party until after a determination on the merits is made by either a jury or a trial court judge."

"A party who requests an award of attorney fees has the burden of presenting evidence sufficient to support an award."[15] The party "must categorize the time and fees expended for '(1) successful claims for which there may be an entitlement to attorney fees, (2) unsuccessful claims for which there would have been an entitlement to attorney fees had the claims been successful, and (3) claims for which there is no entitlement to attorney fees.'"[16] "A court cannot award all attorney fees requested if they have not been allocated as to separate claims, but may deny attorney fees altogether for failure to allocate."[17]

## DISCUSSION

Mr. Almaguer claims he is entitled to attorney fees under Utah Code § 31-A-22-3-309 (5)(d), which states that the "person entitled to the benefits may bring an action in contract to recover the expenses plus the applicable interest. If the insurer is required by the action to pay any overdue benefits and interest, the insurer is also required to pay a reasonable attorney's fee to the claimant."[18] Although this statute may authorize attorney fees, Plaintiff fails to establish that he meets the other requirements for a fee award.

---

[15] *Rockwell Transp. LLC v. Hooper*, 2023 UT App 71, ¶ 33, 534 P.3d 753, 761 (quoting *KB Squared LLC v. Mem'l Bldg. LLC*, 2019 UT App 61, ¶ 31, 442 P.3d 1168, 1176).

[16] *Foote v. Clark*, 962 P.2d 52, 55 (Utah 1998) (quoting *Cottonwood Mall Co. v. Sine*, 830 P.2d 266, 269–70 (Utah 1992)).

[17] *Reighard v. Yates*, 2012 UT 45, ¶ 41, 285 P.3d 1168, 1183 (quoting *Foote v. Clark*, 962 P.2d 52, 57 (Utah 1998)).

[18] Utah Code Ann. § 31A-22-309 (5)(d). Plaintiff's motion to dismiss also states that he "seeks to tax attorney fees, pursuant to Utah Code § 31A-22-3-307. *See* Pl. Mot. 1. This section, titled "Personal injury protection coverages and benefits," does not provide for attorney fees. Therefore, the court only addresses Plaintiff's arguments based on § 31A-22-309 (5)(d).

3

Mr. Almaguer is not the prevailing party with respect to whether Defendant was required to pay any overdue PIP benefits and interest. No judgment has been rendered in his favor and no final determination on the merits has been made. The parties agreed that the claims for benefits had been resolved and filed a joint statement to that effect—the issues were not resolved by a fact finder.[19] Therefore, the court cannot award attorney fees.

Additionally, Plaintiff's attorney has not provided the court a sufficient basis to award fees. Plaintiff's attorney provides a one-page summary of the time he seeks fees for without sufficiently categorizing the time and fees expended.[20] Plaintiff's attorney does not sufficiently explain or document which claims were successful, which claims were unsuccessful, or allocate time to these claims in a way that supports an award of fees. Accordingly, the court cannot award attorney fees.

Plaintiff argues that the amount of attorney fees is not dependent on the amount recovered, that attorney fees should be awarded to prevent abuses by corporations, and that the PIP claims were integral to the case.[21] None of these arguments address whether Mr. Almaguer was the prevailing party or sufficiently established a basis for awarding fees. Therefore, Plaintiff has not shown that he is entitled to an award of attorney fees.

---

[19] Joint Statement Regarding Case Status, ECF No. 58, filed Aug. 30, 2024.
[20] Declaration of Daniel F. Bertch Re: Motion for Attorney Fees 8, ECF No. 60-1, filed Sep. 18, 2024.
[21] Fee Motion 4–5.

## ORDER

Accordingly, Plaintiff's Motion for Attorney Fees is DENIED.[22] The court directs the

clerk of court to close the case.

Signed November 4, 2024.

BY THE COURT

_____
David Barlow
United States District Judge

---

[22] ECF No. 60.